` IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**VS.**                                                               **CAUSE NO. 3:25-cr-176**

**LINDSEY ALDY WHITESIDE**                                          **DEFENDANT**

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR REVIEW AND REVOCATION OF RELEASE ORDER

COMES NOW, the Defendant, Lindsey Aldy Whiteside, by and through her attorneys of record, and respectfully files this her Response to the Government's Motion for Review and Revocation of Release Order in the above-styled and numbered cause and in support thereof would respectfully show unto this Honorable Court the following, to-wit:

1.

The Defendant would show that she was indicted in this cause on October 23, 2025, wherein she is charged in Counts 1 and 2 with transporting a minor across state lines for the purpose of engaging in sexual acts in violation of 18 U.S.C. §2423(a) and in Count 3 with Enticement/Coercion of a Minor in violation of 18 U.S.C. 2422(b).

2.

The Defendant would show that she was arrested at her home on October 23, 2025, Defendant appeared for an Initial Appearance and Arraignment at 2:30 p.m. in Courtroom #2 before Magistrate Judge Jane Virden in Oxford, Mississippi on October 24, 2025. The Initial Appearance and Arraignment were held via teleconference. The Defendant would show that the Defendant waived formal reading of the indictment and entered pleas of Not Guilty to Count 1, Count 2, and Count 3.

3.

The Defendant would show that the Government was seeking pretrial detention of the Defendant under Title 18, United States Code, § 3142(e)(3)(E) and 3142(f)(1) on the basis that the above-mentioned offenses involve minor victims and are defined as crimes of violence.

4.

On October 28, 2025, the Defendant appeared for a Detention Hearing via teleconference in Courtroom #1 in Oxford, MS. After the Government and the Defendant called one witness apiece, the Defendant was granted a $60,000.00 unsecured bond pending trial under home incarceration with GPS monitoring. The Defendant was ordered confined to her home at all times except under specific circumstances outlined by the Court.

**BACKGROUND**

5.

The Defendant would also show that the Government presented one witness to testify, Investigator Miranda Fox of the Desoto County, Mississippi Sheriff's Department. Investigator Fox testified that she was the original case agent in the case prosecuted by the Desoto County District Attorney's Office wherein the Defendant was ultimately charged with sexual battery by a person in a position of trust or authority when a warrant was issued for the Defendant's arrest on November 20, 2024. The Defendant turned herself in to the Desoto County Sheriff's Department without incident two days later and bonded out. The Defendant was indicted for one count of sexual battery of a minor by a person in a position of trust or authority by Desoto County grand jury on December 13, 2024. The Defendant pled guilty to the one count indictment on October 13, 2025, and was sentenced to ten (10) years in the custody of the Mississippi Department of Corrections with seven

(7) years suspended and three (3) years to be served in the Mississippi Department of Corrections's Intensive Supervision Program more commonly referred to as "house arrest." The Defendant was ordered to register as a sex offender, pay a fine along with standard costs and assessments. Additionally, the Defendant was also ordered to maintain no contact with the victim and her family. The Defendant was sentenced to house arrest by retired Circuit Court Judge Andrew K. Howorth. Judge Howorth was appointed by the Mississippi Supreme Court to hear the state court case after both Desoto County Circuit Court judges recused because of personal conflicts. After the Defendant was sentenced to house arrest, the District Attorney, Matthew Barton, immediately held a news conference decrying the sentence and claiming that a "liberal judge from Oxford" chose to sentence the Defendant with leniency. At this same press conference, the District Attorney pledged to have the Defendant prosecuted in federal court because he did not feel the state court system dispensed the correct amount of justice. The District Attorney has since filed court papers claiming that the Defendant must be re-sentenced because he erroneously believes her sentence to be "illegal."

Prior to the lengthy sentencing hearing in state court, the Defendant's counsel and the state agreed to seal mitigation letters that were provided to the state court on behalf of the Defendant and restrict attendance in the courtroom to individuals approved by either side. The considerable social media attention and the victim's estranged father's erratic behavior made these restrictions appealing to both parties. Since the sentencing hearing, the Desoto County District Attorney has publicly vilified members of the community who wrote letters on behalf of the Defendant on television and social media. Mr. Barton has called these individuals evil and publicly stated he did not care if their rights were violated as a result of their decision to pen a mitigation letter on behalf of a criminal defendant. The District Attorney's statements have caused a tenderbox in the community where

individuals who wrote letters on behalf of the Defendant have received death threats, lost their jobs, and now the District Attorney has filed paperwork requesting that the remaining mitigation letters that were sealed at the hearing be released. These facts are recited not to elicit sympathy on the part of the Defendant but to educate the Court as to why the Defendant and her attorneys believe this prosecution to be retaliatory in nature.

Investigator Fox testified that the federal prosecution of the Defendant began after her state court sentencing. The Defendant was indicted and taken into custody by the United States Marshal's Service on the same day, October 23, 2025. Additionally, Investigator Fox testified regarding facts that she and the Government deemed concerning regarding the safety of the public if the Defendant was to remain free on bond. Investigator Fox stated that she was made aware of an instance where the Defendant and the victim were in the same parking lot near where the Defendant worked. Investigator Fox then agreed that no bond revocation was ever filed by the District Attorney's Office in relation to these alleged events. Investigator Fox also testified that in her opinion the Intensive Supervision Program was insufficient to protect the public from the Defendant. In an attempt to prove the ineffectiveness of the house arrest program, the Government entered GPS data into evidence showing that the Defendant was a visitor at the home of a family friend who had two small children. However, Investigator Fox agreed that the two small children were family friends of the Defendant and that she had no idea if other adults were present at the time of the visit. The Investigator agreed that the Defendant abided by all terms of her pretrial release in state court and appeared at all required court appearances even when facing significant jail time.

6.

The Defendant called only one witness at the detention hearing, the mother of the Defendant, Ms. Gayle Whiteside. Ms. Whiteside testified that the Defendant was the oldest of three (3) siblings who had never been in any trouble with the law prior to the state court indictment. The Defendant's father died of cancer when she was young and the Defendant was a mentor and source of comfort and strength for her two younger siblings. The Defendant excelled in sports, particularly basketball and played in college for Rhodes College and Lipscomb College. Following college, the Defendant became the youth minister at her childhood church, Getwell Church in Southaven, Mississippi. The Defendant led the youth group at the Church's Hernando, Mississippi location. Ms. Whiteside stated that the Defendant was obtaining a Master's degree at the time of her arrest for the state court charges.

Ms. Whiteside stated that the Defendant suffered from depression while overcoming an injury in college, but she stated the Defendant had never been hospitalized for a mental disorder and had never expressed suicidal ideation to her knowledge. Despite facing serious criminal charges in state court, her mother testified that she never expressed the desire to contact the victim or flee the jurisdiction. The Defendant appeared at all scheduled court appearances and took responsibility for her actions. Ms. Whiteside stated that the Defendant was not a danger to the community and would abide by all terms and conditions set by the Magistrate Judge just as she abided by all terms of her release in state court. Ms. Whiteside stated that she and her daughter did visit with a family friend who had two small children, ages one (1) and three (3). Ms. Whiteside stated that these are her godchildren and the Defendant is no danger to these children just as she is no danger to the community at large.

7.

After hearing the testimony in this matter, United States Magistrate Judge Jane Virden found that she would allow the Defendant out on bond, and in that determination, she had considered the factors listed in 18 U. S. C. §3142(g). The Court found that the Government did not present any real evidence or argue that the Defendant was a flight risk. In fact, the Court found that the defense presented evidence that the Defendant was not a flight risk. Instead, the focus was on whether or not the Defendant was a danger to the community. The Court found that the defense presented evidence rebutting the presumption of detention, and as a result, the burden of persuasion remained with the Government to prove by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the appearance of the Defendant and the safety of any other person and the community. The Court found that the Government did not meet its burden by proving that the Defendant was a the danger to the community by clear and convincing evidence. The Court heard witness testimony that the Defendant was not a danger to the community.

The Court also looked at the nature and circumstances of the offense charged in the indictment and acknowledged that they are extremely serious allegations. The Court then weighed the history and characteristics of the Defendant. The Defendant's criminal history is a felony conviction in state court that arises out of the same set of facts as the federal indictment. The Defendant was gainfully employed, and there was no history presented of any drug or alcohol abuse by the Defendant. The defense produced one witness who did not think the Defendant was a danger to the community.

The Court found that the Government had not met its burden of proving that the Defendant is a danger to the community. Therefore, U.S. Magistrate Judge Virden set a $60,000.00 unsecured

bond and, pursuant to the Adam Walsh Act, ordered home incarceration with GPS monitoring of the Defendant in addition to the standard conditions of supervision. Judge Virden did impose an additional condition wherein the Defendant should not view, possess, or peruse any authentic, altered, or manufactured visual or auditory material, including, but not limited to, photographic or digital images, drawings, writings, videos, sound recordings, computer generated image stills or motion graphics, or digitally altered/"morphed" images or videos, or computer related devices that depict or describe "sexually explicit conduct" as defined in 18 U.S.C. §2256(2) or "child pornography" as defined in 18 U.S.C. §2256(8). Additionally, the Defendant shall submit to inspection of the U.S. Probation or Pretrial Officer of her phone, computer, or internet capable devices to ensure that she is abiding by that condition. The Defendant was also verbally ordered to not be in the presence of a minor unless also in the presence of an "approved adult." The Defendant was required to surrender her passport which counsel immediately turned over at the hearing. All of these conditions were listed in the Order Setting Conditions of Release. [Document #8].

After U.S. Magistrate Judge Virden's ruling, the Government through Assistant U. S. Attorney Parker Kline asked for a Stay of the Order of Release pending for appeal. The Defendant respectfully objected to the Government's request for a Stay, but did not object to the Government's appeal of the Order to the U.S. District Court. After requesting authority to support the Government's request, the court granted the Government's Stay of the Order of Release for 24 hours in order for the Government to perfect an appeal to the District Court. The Government did perfect their appeal and the Defendant was released from custody under the Magistrate Judge's bond conditions on October 31, 2025. Since that time, the Defendant has resided in her mother's residence

under the supervision of the Mississippi Department of Corrections's Intensive Supervision Program and home incarceration monitoring by the United States Probation Service.

## ARGUMENT

8.

<u>The Magistrate Judge Properly Considered the Rebuttable Presumption of Detention.</u>

A criminal defendant who is charged with a crime of violence is entitled to a detention hearing to determine whether said defendant should be released upon conditions that would "reasonably" ensure the appearance of said criminal defendant in future court proceedings and the safety of any other person and the community. *See* 18 U.S.C. 3142(f)(1)(A). There is a presumption that a criminal defendant should be detained if the alleged victims are minors, but this presumption is rebuttable by the defendant. *See* 18 U.S.C. 3142(e)(3)(E). The rebuttable presumption shifts to the Defendant the burden of producing rebutting evidence, showing that the Defendant will appear for future court proceedings and is not a danger to the safety of the community, which is not the same as the burden of persuasion. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). In the present case, the Defendant, Lindsey Aldy Whiteside, is charged with a crime of violence in which the alleged victims are minors. However, the Defendant has successfully rebutted any presumption of detention against her based upon the evidence she presented taken in conjunction with the factors outlined in Title 18, United States Code, Section 3142(g). Title 18, United States Code, Section 3142(g) states that a judge must consider (1) the nature and circumstance of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. 3142(g)(1)-(4).

In their Emergency Motion for Review and Revocation of Release Order, the Government alleges that the Magistrate did not properly consider and weigh the presumption for detention. In rendering her decision to grant the Defendant bond, the Magistrate made her decision based upon the facts and evidence presented that the Defendant did successfully rebut the presumption of detention against her. The Magistrate found that the Defendant presented a witness who testified that the Defendant did not pose a danger to the community. Despite the allegations levied against the Defendant, the opinion of the witness remained the same – the Defendant is not a danger to the community.

In addition to finding that the Defendant rebutted the presumption of detention against her, the Magistrate also found that the burden of persuasion remained with the Government to prove by clear and convincing evidence that no conditions of release would reasonably assure the safety of the community. Clear and convincing evidence is "evidence which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" *United States v. Kyle*, 49 F. Supp. 2d 526, 527 (W.D. Tex. 1999) (quoting *Cruzan ex rel Cruzan v. Director, Mo. Dept. Of Health*, 497 U.S. 261, 285 n. 11, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990)). Investigator Fox testified that the Defendant had been under arrest and subsequent indictment in state court for nearly a year. During this time, the Defendant remained out on bond and posed no danger to the community at large. The Magistrate found that the Government did not meet their burden, and in fact, imposed conditions upon the Defendant that would reasonably assure the appearance of the Defendant and the safety of any other person and the community.

The Government alleged at the hearing that the considerable media and social media attention surrounding this case are cause for concern. The Government even made the leap to say that the Defendant may be safer in custody considering the firestorm as a result of what some feel is a lenient state court sentence. There is absolutely no evidentiary basis for this allegation by the Government. It is what it purports to be– pure conjecture and fearmongering on the part of the Government to convince the Court into detaining the Defendant. Investigator Fox's testimony regarding prior contact with the victim and visits to the home of individuals with young children were weak attempts to convince the Court that the Defendant is a danger to the alleged victim and the public at large. It is normally a condition of bond for the Defendant not to have any contact with an alleged victim. If that occurs, there are revocation procedures in place to remedy a violation of a bond condition. The Government's argument is akin to arresting someone or detaining them because of something they might do. Additionally, the Defendant respectfully submits that danger to the community must be actual danger rather than hypothetical danger.

It is uncontradicted that the Magistrate heard the evidence presented in court and found that the Defendant rebutted the presumption of detention against her, the Government did not prove by clear and convincing evidence that there are no conditions of release that would reasonably assure the safety of the community, and she imposed certain specific conditions, in addition to the regular conditions of release, that would secure the Defendant's appearance and secure the safety of the community.

9.

<u>Release Conditions Imposed Are Sufficient to Address Risk of Danger Posed to the Public.</u>

The release conditions imposed by the Magistrate are sufficient to address the risk of danger posed by the public. The Defendant was specifically set a $60,000.00 unsecured bond, and pursuant to the Adam Walsh Act, Judge Virden ordered home incarceration with GPS monitoring of the Defendant in addition to the standard conditions of supervision. Judge Virden did impose an additional condition where the Defendant should not view, possess, or peruse any authentic, altered, or manufactured visual or auditory material, including, but not limited to, photographic or digital images, drawings, writings, videos, sound recordings, computer generated image stills or motion graphics, or digitally altered/"morphed" images or videos, or computer related devices that depict or describe "sexually explicit conduct" as defined in 18 U.S.C. §2256(2) or "child pornography" as defined in 18 U.S.C. §2256(8). Additionally, the Defendant shall submit to inspection of the U.S. Probation or Pretrial Officer of her phone, computer, or internet capable devices to ensure that she is abiding by that condition. The Defendant would show these are specific conditions that the Court imposed upon the Defendant, but these are not the only conditions. These conditions are in addition to the standard conditions of supervision enumerated in 18 U.S.C. §3142(c).

The Government further alleges that the Defendant excels in grooming young adults over a long period of time and this can pose a danger to the community because of the unwitting support of families such as the ones that the Whiteside family visited while the Defendant was on house arrest. The Government's arguments concerning the Defendant's danger to the public are a stretch to say the least. The Defendant is convicted of having a consensual, sexual relationship with a seventeen (17) year old girl. There is no evidence that the Defendant is attracted to children or poses

any danger to young children in the community. The Government lacks any real evidence that the Defendant is a danger to the community, so it is resorting to weak arguments about possibilities that have no basis in fact.

## CONCLUSION

10.

Counsel for the Defendant would argue that the Defendant successfully met her burden of production to satisfy the rebuttable presumption of detention required by law. *See* 18 U.S.C. 3142(e)(3)(E). Further, Defendant's counsel would argue that the Government failed to meet its burden of persuasion by clear and convincing evidence that the Defendant poses a danger to the community. Defendant's counsel respectfully contends that this danger must be actual, rather than the hypothetical danger that the Government argued. The fact remains that the Magistrate imposed conditions that ensure the Defendant's presence at future proceedings and the safety of the community.

WHEREFORE, PREMISES CONSIDERED, Counsel for the Defendant would respectfully move this Honorable Court to affirm the decision of the Magistrate Judge to release the Defendant according to the terms and conditions of the Order Setting Conditions of Release [Document #16].

RESPECTFULLY SUBMITTED, this the 11th day of November, 2025.

s/ Anthony L. Farese
ANTHONY L. FARESE
MSB# 5133
FARESE, FARESE & FARESE, P.A.
ATTORNEYS AT LAW
P. O. BOX 98
ASHLAND, MISSISSIPPI 38603
TELEPHONE (662) 224-6211
tony@fareselaw.com

        s/Joseph W. Cooper
        JOSEPH "WHIT" COOPER
        MSB #104278
        FARESE, FARESE, FARESE P.A.
        122 CHURCH AVENUE
        P.O. BOX 98
        ASHLAND, MISSISSIPPI 38603
        TELEPHONE: (662) 224-6211
        wcooper@fareselaw.com

        ATTORNEYS FOR DEFENDANT
        LINDSEY ALDY WHITESIDE

# **CERTIFICATE OF SERVICE**

I, Anthony L. Farese, do hereby certify that I have this day filed by electronic filing a true and correct copy of the above and foregoing Defendant's Response to the Government's Motion for Review and Revocation of Release Order, to the following:

Honorable Parker King
Assistant United States Attorney
900 Jefferson Avenue
Oxford, Mississippi 38655-3626
parker.king@usdoj.gov

I, Anthony L. Farese, do hereby certify that I have emailed this Defendant's Response to the Government's Motion for Review and Revocation of Release Order to the following non-ECF participants:

| | |
|---|---|
| Chief Judge Debra M. Brown<br>United States District Court<br>Federal Building<br>305 Main Street, Room 329<br>Greenville, Mississippi 38701<br>Judge_Brown@msnd.uscourts.gov | Magistrate Judge Jane M. Virden<br>United States District Court<br>Federal Building<br>305 Main Street, Room 364<br>Greenville, Mississippi 38701<br>Judge_Virden@msnd.uscourts.gov |
| Honorable LaToya L. Davis<br>Courtroom Deputy to<br>Chief Judge Debra M. Brown<br>United States District Court<br>Federal Building<br>305 Main Street, Room 329<br>Greenville, Mississippi 38701<br>LaToya_Davis@msnd.uscourts.gov | Honorable Itonia R. Williams<br>Courtroom Deputy to<br>Magistrate Judge Jane M. Virden<br>United States District Court<br>Federal Building<br>305 Main Street, Room 329<br>Greenville, Mississippi 38701<br>itonia_williams@msnd.uscourts.gov |

This the 11th day of November, 2025.

/s/Anthony L. Farese
ANTHONY L. FARESE